# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARINA MEJIA CANTU, )<br>      Plaintiff, )<br>)<br>   v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 2:14-CV-286-JEM |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Marina Mejia Cantu on August 15, 2014, and an Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 17], filed by Plaintiff on February 13, 2015. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On May 18, 2015, the Commissioner filed a response, and on June 29, 2015, Plaintiff filed a reply. For the following reasons, the Court denies Plaintiff's request for remand.

## PROCEDURAL BACKGROUND

On July 25, 2011, Plaintiff filed an application for disability insurance benefits and Supplemental Security Income benefits with the U.S. Social Security Administration alleging that she became disabled on December 30, 2008. Plaintiff's application was denied initially and upon reconsideration. On May 13, 2013, Administrative Law Judge ("ALJ") John P. Giannikas held a hearing at which Plaintiff, with counsel, a psychological expert, a medical expert, and a vocational expert ("VE") testified. On May 13, 2013, the ALJ issued a decision finding that Plaintiff was not disabled, concluding:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since December 30, 2008, the alleged onset date.

3. The claimant has the following severe impairments: a hearing impairment, spinal stenosis of the lumbar spine, cervical spondylosis from C5 to C7, diabetes mellitus, left elbow trauma with nerve damage, and obesity.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform sedentary work except she cannot engage in overhead reaching bilaterally, but can perform all other reaching on a frequent basis. She can handle, finger, push, and pull on a frequent basis bilaterally. She can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can only be exposed to office-level types of sound volumes, cannot be exposed to moving mechanical parts, and can only occasionally be exposed to extreme temperatures and vibrations.

6. The claimant is capable of performing past relevant work as a telephone solicitor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, since December 30, 2008, through the date of the ALJ's opinion.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## FACTS

Plaintiff was 49 years old on her alleged disability onset date and turned 50 shortly thereafter. She has at least a high school education and worked as an assessor/appraiser, telephone solicitor, telephone operator, greeter guide, and assembler. Plaintiff suffers from a hearing impairment, spinal stenosis of the lumbar spine, and nerve damage in her left elbow. She also has diabetes mellitus and is obese.

At the hearing, a VE testified that someone with Plaintiff's physical limitations could perform her past work as a telephone solicitor and that she also could perform work as a receptionist or information clerk.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the

question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "A reversal and remand may be required, however, if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citations omitted).

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not

disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity ("RFC"), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001); *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

The ALJ found that Plaintiff was able to perform her past relevant work and other jobs in the national economy, so she was not disabled. Plaintiff argues that none of her work was substantial gainful employment and therefore did not qualify as past relevant work. The Commissioner argues that, even if Plaintiff's prior work was not substantial gainful activity, that characterization of it was "harmless error" because the job was unskilled and Plaintiff performed it long enough to learn it.

Past work is relevant work experience for the purposes of the step four analysis "when it was done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 CFR §§ 404.1565(a); 416.965(a); *see also* SSR 82-62, 1982 WL

5

31386 at *1-2 (Jan. 1, 1982).

In this case, the ALJ concluded that Plaintiff could perform her past work as an order clerk/telephone solicitor. He concluded that she worked that job at Leisure Time for approximately six months based on her testimony that she worked the job in the spring and summer of 2004, such that her monthly income made it substantial gainful activity. Plaintiff argues that the ALJ reviewed only the evidence favorable to his opinion in determining that Plaintiff's work at Leisure Time was substantial gainful activity. She argues that her testimony was conflicting and that if she had worked there for a year, as some of her testimony indicated, her earnings would not have qualified as substantial.

It is Plaintiff's burden to prove that she cannot perform her past relevant work at step four. *See, e.g., Zurawski*, 245 F.3d at 886. The Commissioner points out that Plaintiff, although represented by her attorney throughout, has not presented any evidence that Plaintiff worked at Leisure Time for more than six months such that it was not relevant work. *Glenn v. Sec'y of Health & Human Servs.*, 814 F.2d 387, 391 (7th Cir.1987) ("When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits."); *see also Halsell v. Astrue*, 357 F. App'x 717, 723 (7th Cir. 2009) ("[T]he ALJ was permitted to assume that [the plaintiff], who has always been represented by counsel, was 'making the strongest case for benefits.'") (quoting *Glenn*, 814 F.2d at 391).

Furthermore, even if the Plaintiff's work was not relevant work, the ALJ also made an alternative finding at step five that Plaintiff was also able to perform other jobs in the national economy. Plaintiff argues that this conclusion was in error. She argues that the ALJ used Section 204.00 in the Medical-Vocational Guidelines as a framework for determining whether there were

6

other jobs in significant numbers that Plaintiff could perform, but that under those guidelines he should have concluded that Plaintiff was disabled.

Plaintiff is in the "closely approaching advanced age" category, with only a high school education, and the ALJ found that she is limited to less than a full range of sedentary work. Plaintiff asserts that because she has no transferrable skills, she should be considered disabled under the guidelines. *See* 20 C.F.R. § 404, Subpt. P, App. 2 ("Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains."); *Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013) ("[T]he grids mandate a finding of disability at [the plaintiff]'s 50th birthday if she is limited to sedentary work."). However, the ALJ found that Plaintiff does have transferable skills, and Plaintiff does not argue otherwise. Instead, Plaintiff appears to be arguing that because she is limited to less than the full range of sedentary jobs and is in the "approaching advanced age" category, the ALJ should have concluded that Plaintiff is disabled despite the fact that she has transferable work skills.

In this case, Plaintiff's abilities do not correspond exactly with the grid, so the ALJ cannot rely only on the guideline rule. 20 C.F.R. § Pt. 404, Subpt. P, App. 2 ("Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled."); *Fast v. Barnhart*, 397 F.3d 468, 471 (7th Cir. 2005) ("If a nonexertional limitation substantially limits a claimant's ability to perform other work, reliance on the grids is improper.") (citing *Zurawski*, 245 F.3d at 889; *Lee v. Sullivan*, 988 F.2d 789, 793 (7th Cir.1993)). Accordingly, it was

7

appropriate for the ALJ to consider what other work Plaintiff could perform, "because he made specific reference to Grid Rule 204.00; and he recognized the Grid was not controlling and sought another vocational source in the form of VE testimony." *Fast*, 397 F.3d at 471 (quotation marks omitted). He properly proposed a hypothetical to the VE that encompassed Plaintiff's particular RFC and work background and the VE identified other jobs that Plaintiff could perform. *See, e.g., Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015) ("the hypothetical posed to the VE . . . must incorporate all of the claimant's limitations supported by the medical record"); *Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2003) ("Furthermore, to the extent the ALJ relies on testimony from a vocational expert, the question posed to the expert must incorporate all relevant limitations from which the claimant suffers."). Plaintiff has not identified any errors in the ALJ's opinion that require remand.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the relief requested in Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 17] and **AFFIRMS** the Commissioner of Social Security's final decision.

SO ORDERED this 11th day of September, 2015.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record